IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 13-cv-874-wmc

BRIAN K. DUERST, et al.,

        Defendants.

---

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

---

The above-captioned matter having come before the court to be heard, Honorable William M. Conley, United States District Judge for the Western District of Wisconsin, presiding without a jury, on October 8, 2014, the Plaintiff, United States of America ("Plaintiff"), having appeared by its attorney, the Office of the United States Attorney for the Western District of Wisconsin by Assistant United States Attorney Barbara L. Oswald, and no appearance having been made on behalf of the Defendants except for Landmark Services Cooperative, LLC, by its attorney Randall Anderson; and all Defendants having been previously found in default by this court on May 27, 2014, except for Defendant Landmark Services; and it further appearing that due notice of the Motion for Judgment of Default and for Judgment on the Pleadings has been made to each of the Defendants, and that a Certificate of Service was filed with the Clerk of the

United States District Court for the Western District of Wisconsin; and the court having reviewed the undisputed facts and supporting record, therefore makes and files the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The allegations set forth in Plaintiff's complaint are proven true.

2. There is now due and unpaid on all Notes and Mortgages as of October 8, 2014, the following sums: See Attachment A.

3. The mortgaged premises are described as follows:

> All that part lying West of Argue Road in the North side of the Northwest Quarter of Section 19 described as follows: Commencing at a point on the Section Line at a point 65 rods South of the NW corner of Said Section 19, running thence North 65 rods, thence East 94 rods, thence in a Southwesterly direction to the place of beginning; all in section 19, Town 4 North, Range 8 East, Town of Exeter, Green County, Wisconsin; Except Lots 1,2,3 of Certified Survey Map No. 2333, recorded in Volume Eight of Certified Survey Maps of Green County, WI on Page 39, as recorded in the office of the Register of Deeds for Green County, Wisconsin; Except Lots 4,5,6,7 of Certified Survey Map No. 2673, recorded in Volume Nine of Certified Survey Maps of Green County, WI on Page 169, as recorded in the office of the Register of Deeds for Green County, Wisconsin.
>
> Except lands conveyed for highway purposes in Vol. 247 of Records, Page 247.
>
> East Half of the Northeast Quarter lying East of Ward Creek in Section 24; Town 4 North, Range 7 East, Town of New Glarus, Green County, Wisconsin
>
> Tax Parcel Numbers: 23014 01330000 23024 01740000

4. The real estate is so situated that it cannot be sold in parcels without injury to the interest of the parties, and a sale of the whole will be more beneficial to the parties hereto.

5. The mortgaged premises have not been abandoned.

6. The remaining chattel secured by the promissory notes and security agreements is described in Attachment B attached hereto.

7. Notice of the pendency of this action was duly given on March 19, 2014, by filing a Notice of Lis Pendens in the office of the Register of Deeds for Green County, Wisconsin. This was done in the manner and form required by law, after the filing of the complaint herein, and more than twenty (20) days prior to the trial or other resolution of this action.

8. Defendants Brian K. Duerst, Wisconsin Department of Agriculture, Trade, and Consumer Protection, O'Brien Farms, Wisconsin Power & Light, and Green County Wisconsin have not served an Answer or other response and the Clerk of Court has duly entered the default of said Defendants.

9. The United States and Defendant Landmark Services Cooperative, LLC entered a Stipulation regarding real estate mortgage priorities and entry of judgment. Stip., ECF No. 19.

10. Based upon the stipulation of Plaintiff and Defendant Landmark Services Cooperative, LLC, a judgment of foreclosure should be entered in this matter reflecting

that Plaintiff has a superior lien interest in the real property by virtue of the Mortgages executed by Defendant Duerst on December 19, 2003 and March 31, 2004.

11. As of October 8, 2014, there is now due and unpaid on the Notes secured by the Mortgages executed by Defendant Duerst on December 19, 2003 and March 31, 2004, the following sums:

|   |   |   |   |
|---|---|---|---|
| a. | Principal as of October 8, 2014 |   | $ 211,787.99 |
| b. | Interest as of October 8, 2014 |   | $  56,896.11 |
|   | Total as of October 8, 2014 |   | $ 268,684.10 |

12. Based upon the stipulation of Plaintiff and Defendant Landmark Services Cooperative, LLC, the judgment of foreclosure entered in this matter should further reflect that Defendant Landmark Services Cooperative has a docketed lien interest superior to the lien interests held by Plaintiff by virtue of Mortgages executed by Defendant Duerst in 2005 and 2008, as set forth in the Stipulation.

13. Based upon the Complaint, no other Defendant holds a prior lien interest in the property more particularly described as:

> All that part lying West of Argue Road in the North side of the Northwest Quarter of Section 19 described as follows: Commencing at a point on the Section Line at a point 65 rods South of the NW corner of Said Section 19, running thence North 65 rods, thence East 94 rods, thence in a Southwesterly direction to the place of beginning; all in section 19, Town 4 North, Range 8 East, Town of Exeter, Green County, Wisconsin; Except Lots 1,2,3 of Certified Survey Map No. 2333, recorded in Volume Eight of Certified Survey Maps of Green County, WI on Page 39, as recorded in the

>office of the Register of Deeds for Green County, Wisconsin; Except Lots 4,5,6,7 of Certified Survey Map No. 2673, recorded in Volume Nine of Certified Survey Maps of Green County, WI on Page 169, as recorded in the office of the Register of Deeds for Green County, Wisconsin.
>
>Except lands conveyed for highway purposes in Vol. 247 of Records, Page 247.
>
>East Half of the Northeast Quarter lying East of Ward Creek in Section 24; Town 4 North, Range 7 East, Town of New Glarus, Green County, Wisconsin
>
>Tax Parcel Numbers: 23014 01330000 23024 01740000

14. No other proceedings have been held at law or otherwise for the recovery of the sum secured by the promissory notes, security agreements, continuation statements, and mortgage.

15. Plaintiff is entitled to immediate possession of the items of security on which the Farm Service Agency has a security interest, set out in the Complaint on file herein, as listed in Attachment B.

## CONCLUSIONS OF LAW

1. Plaintiff is entitled to judgment of foreclosure of the secured chattel and premises in the usual form as prayed for in plaintiff's complaint in accordance with the above findings of fact.

2. Plaintiff is entitled to immediate possession of the items of security remaining in possession of Defendant Brian K. Duerst, set out in Attachment B and in

the Complaint on file herein.

3. The items of security may be sold individually or as a whole at a public or private sale, and the sale shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin or the United States Department of Agriculture's Farm Service Agency.

4. If necessary to secure possession of said chattel and premises, the Clerk of Court, upon application by Plaintiff, shall issue a writ of assistance.

5. Defendants and all persons claiming under them subsequent to the filing of the notice of the pendency of this action be and hereby are forever barred and foreclosed of all right, title, interest, claim and equity of redemption in and to the chattel, lands and premises or any part, parcel, or portion thereof with the exception of .

6. Defendants shall not be granted a period of redemption.

7. The subject premises be sold at public sale, and the sale shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin.

8. Proceeds from the sale of the subject premises shall be paid first to satisfy Defendant Duerst's debt to the United States by virtue of the Mortgages executed on December 19, 2003, and March 31, 2004, in the amount of $268,684.10, plus necessary costs and disbursements.

11. Any remaining proceeds from the sale of the subject premises shall be

paid to satisfy Defendant Landmark Services Cooperative's docketed lien interest before being applied to the remaining lien interests held by the United States, in accordance with the Stipulation filed by Plaintiff and Defendant Landmark Services Cooperative, LLC, and upon payment of the balance owed to Defendant Landmark Services Cooperative, LLC, it will release its interest in the subject property.

IT IS THEREFORE ORDERED that foreclosure of said mortgage in the usual form as provided by and in accordance with the above Findings of Fact and Conclusions of Law be entered in this action.

Dated this 8th day of October, 2014.

BY THE COURT:

_____
WILLIAM M. CONLEY
United States District Judge