IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 13-cv-874-wmc

BRIAN K. DUERST, et al.,

Defendants.

**JUDGEMENT OF FORECLOSURE AND SALE**

The above-captioned matter having come before the Court to be heard,

Honorable William M. Conley, United States District Judge for the Western District of

Wisconsin, presiding without a jury, on October 8, 2014, the Plaintiff, United States of

America ("Plaintiff"), having appeared by its attorney, the Office of the United States

Attorney for the Western District of Wisconsin by Assistant United States Attorney

Barbara L. Oswald, and no appearance having been made on behalf of the Defendants

herein except for Landmark Services Cooperative, LLC by its attorney Randall

Anderson; and it appearing by the Declaration of Barbara L. Oswald, Assistant United

States Attorney, Office of the United States Attorney, on file herein, that all Defendants

are in default, except Defendant Landmark Services; and it further appearing that due

notice of the Motion for Judgment of Default and for Judgment on the Pleadings has

been made to each of the Defendants, and that a Certificate of Service was filed with the

Clerk of the United States District Court for the Western District of Wisconsin; and it

further appearing by due proof that due notice of the pendency of this action was duly filed in the Office of the Register of Deeds, Green County, Wisconsin, on March 19, 2014, said notice being filed subsequent to the filing of the Complaint herein, and more than twenty (20) days prior to the trial of this action; and proofs of the matters and things alleged in the Complaint and the computation of the amounts due Plaintiff having been duly taken in in open court, and the Court having filed its Findings of Fact and Conclusions of Law;

On application and motion of the Office of the United States Attorney for the Western District of Wisconsin, attorneys for Plaintiff,

### Real Estate

1.      IT IS ORDERED that there is now due and owing to Plaintiff as of and including October 8, 2014, the following sums:  See Attachment A.

|  |  |  |  |
|---|---|---|---|
| a. | Principal as of October 8, 2014 | | $ 379,990.63 |
| b. | Interest as of October 8, 2014 | | $ 70,328.06 |
| | Total as of October 8, 2014 | | $ 450,318.69 |
| c. | Court Costs and Disbursements | | |
| | (1) United States Marshals Fees | | $ 163.60 |
| | (2) Filing of Notice of Lis Pendens | | $ 30.00 |
| | Total Costs & Disbursements | | $ 193.60 |
| **TOTAL AS OF OCTOBER 8, 2014** | | | **$ 450,512.29** |

2

2.    IT IS FURTHER ORDERED that the mortgaged premises, located in Green

County, Wisconsin, and described as follows shall be sold as a whole at public auction

in Green County, Wisconsin, by or under the direction of the United States Marshal for

the Western District of Wisconsin:

> All that part lying West of Argue Road in the North side of the
> Northwest Quarter of Section 19 described as follows:
> Commencing at a point on the Section Line at a point 65 rods South
> of the NW corner of Said Section 19, running thence North 65 rods,
> thence East 94 rods, thence in a Southwesterly direction to the place
> of beginning; all in section 19, Town 4 North, Range 8 East, Town
> of Exeter, Green County, Wisconsin; Except Lots 1,2,3 of Certified
> Survey Map No. 2333, recorded in Volume Eight of Certified
> Survey Maps of Green County, WI on Page 39, as recorded in the
> office of the Register of Deeds for Green County, Wisconsin; Except
> Lots 4,5,6,7 of Certified Survey Map No. 2673, recorded in Volume
> Nine of Certified Survey Maps of Green County, WI on Page 169, as
> recorded in the office of the Register of Deeds for Green County,
> Wisconsin.
>
> Except lands conveyed for highway purposes in Vol. 247 of
> Records, Page 247.
>
> East Half of the Northeast Quarter lying East of Ward Creek in
> Section 24; Town 4 North, Range 7 East, Town of New Glarus,
> Green County, Wisconsin
>
> Tax Parcel Numbers: 23014 01330000 23024 01740000

3.    IT IS FURTHER ORDERED that in case of sale pursuant hereto, the

United States Marshal shall give public notice of the time and place of such sale in the

manner provided by law, and that publication of said notice be made in The Monroe

Times, a newspaper published in the City of Monroe, Green County, Wisconsin; that

the Marshal shall allow either or any of the parties to this action to purchase at such sale

the above-described premises; that the Marshal shall file with the Clerk of this Court his

report of said sale, and shall also immediately after said sale deposit the proceeds

thereof, after deducting the costs and expenses of the sale unless otherwise ordered by

the Court; that said United States Marshal may accept from the purchaser at such sale,

as a deposit or down payment upon the same, not less than ten percent (10%) of the

purchase price, in which case such amount shall be so deposited as above provided, and

the balance of the sale price shall be paid to the United States Marshal's Service by said

purchaser at such sale, upon confirmation thereof, except that if Plaintiff be the

successful bidder at such sale, the said United States Marshal may take the receipt of

Plaintiff in lieu of said cash payment; that the Marshal, upon compliance on the part of

the purchaser with the terms of such sale as required by law, shall make and execute to

said purchaser a deed to the premises so sold, as above described, stating the price paid

therefor; that the United States Marshal shall deliver such deed to said purchaser, upon

compliance by said purchaser with the terms of such sale, and the payment by him of

any balance of the sale price to be paid.

      4.      IT IS FURTHER ORDERED that the United States Marshal shall

thereupon pay from the proceeds of said sale all claims superior to Plaintiff as

determined by the Court and to Plaintiff the following sum: see Attachment A.

      5.      IT IS FURTHER ORDERED THAT  unless otherwise ordered by the

Court, the United States Marshal shall pay from the proceeds of the sale:

a.  debt to the United States by virtue of the Mortgages executed on December 19, 2003, and March 31, 2004, in the amount of $268,684.10, plus necessary costs and disbursements;

b.  any remaining proceeds from the sale of the subject premises shall be paid to satisfy Defendant Landmark Services Cooperative's docketed lien interest before being applied to the remaining the amount in Paragraph 1 of said judgment, together with interest on all of said sums from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a), from the date hereof, or so much thereof as the monies derived from the sale of said premises will pay the same, and take receipts therefor; and

c.  surplus money to the Clerk of Court, if any, shall be subject to the further order of the Court.

6.        IT IS FURTHER ORDERED that if the proceeds of such sale be insufficient to pay the amounts aforesaid, said United States Marshal shall specify the amount of said deficiency in his report of sale.  Deficiency judgment is not being sought herein.

7.        IT IS FURTHER ORDERED that upon confirmation of sale of the mortgaged premises, the purchaser or purchasers, or his or their heirs, representatives or assigns, be let into possession of the premises sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof; that each and every one of the parties

to this action who may be in possession of said premises, and every other person who since the filing of notice of the pendency of this action has come into possession of the same or any part thereof under them or either of them shall deliver to such grantee or grantees named in such deed possession of the mortgaged premises, and that a writ of assistance issue if necessary to secure such possession.

8.    IT IS FURTHER ORDERED that the defendants and each of them, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged premises.

9.    IT IS FURTHER ORDERED that Plaintiff may pay any taxes or insurance premiums on said mortgaged premises now due or which shall hereafter become due before the sale thereof and have a lien on said premises for the amount so paid with interest thereon from date of payment at the rate set forth in 28 U.S.C. § 1961(a); and that in the event any such payments are made, Plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of said mortgaged premises.

10.    IT IS FURTHER ORDERED that the defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon said mortgaged premises and from doing any other act that may impair the value of the same.

## Chattels

11.     IT IS HEREBY ORDERED that there is now due and owing to Plaintiff as of and including the 8th day of October, 2014, under the provisions of the promissory notes and security agreements set forth in the Complaint, the following sums:

<div style="margin-left:2em">

a.     Principal as of October 8, 2014          $ 379,990.63

b.     Interest as of October 8, 2014           $  71,720.69

**TOTAL AS OF OCTORBER 8, 2014     $  451,711.32**

</div>

12.     IT IS FURTHER ORDERED that Plaintiff is entitled to immediate possession of the items of security on which Farm Service Agency has a first security interest, set out in the complaint on file herein, as listed in Exhibit A.

13.     IT IS FURTHER ORDERED that Plaintiff may exercise its right to have execution issued and require the United States Marshal to take possession of said items of security at any time after the date of this judgment, and deliver the items of security to Plaintiff, and that a writ of execution issue if necessary to secure such possession.

14.     IT IS FURTHER ORDERED that these items of security, described in paragraph 12 above, may be sold individually or as a whole at public sale or private sale by or under the direction of the United States Marshal or Farm Service Agency.

15.     IT IS FURTHER ORDERED that if these items of security, described in paragraph 12 above, are sold, the United States shall deposit the proceeds thereof, after deducting the costs and expenses of the sale, and unless otherwise ordered by the Court, the United States shall thereupon pay from the proceeds of said sale all claims

superior to Plaintiff as determined by the Court and to Plaintiff to the sums set forth in

Paragraph 12, the amount of said judgment, together with interest on all of said sums at

the rate of set forth in 28 U.S.C. § 1961(a) from the date hereof, or so much thereof as the

monies derived from the sale of said items of security will pay the same, and take

receipts therefor; that the surplus money, if any, shall be subject to the further order of

the Court.

16.     IT IS FURTHER ORDERED that if the proceeds from the sale of the items

of security, together with the proceeds from the sale of the real estate, be insufficient to

pay the amounts aforesaid, then the United States may report the amount of the

deficiency to the Court.  Deficiency judgment is not being sought herein.

17.     IT IS FURTHER ORDERED that the Defendants, their heirs, successors

or assigns, and all persons claiming under them, be forever barred and foreclosed of all

right, title, interest and equity of redemption in said mortgaged collateral.

18.     IT IS FURTHER ORDERED that the Defendants and all persons claiming

under them be and they are hereby enjoined from doing any act that may impair the

value of the mortgaged collateral.

Dated this 8th day of October, 2014.

BY THE COURT:

WILLIAM M. CONLEY
United States District Judge

Entered at Madison, Wisconsin, this 9th day of October, 2014.

PETER OPPENEER
Clerk of Court

UNITED STATES V. BRIAN DUERST, et al.

Case No. 13-cv-874-wmc

ATTACHMENT A

<u>Notes and Mortgages</u>

| | | |
|---|---|---|
| a. | Principal as of October 8, 2014 | $ 379,990.63 |
| b. | Interest as of October 8, 2014 | $ 70,328.06 |
| | Total as of October 8, 2014 | $ 450,318.69 |

<u>Court Costs and Disbursements</u>

| | | |
|---|---|---|
| c. | United States Marshals Fees | $ 163.60 |
| d. | Filing of Notice of Lis Pendens | $ 30.00 |
| | Total Costs & Disbursements | $ 193.60 |

**TOTAL AS OF OCTOBER 8, 2014**          **$ 450,512.29**

ATTACHMENT B
UNITED STATES OF AMERICA V. BRIAN K. DUERST, et al.
Case Number 13-cv-00874-wmc

LIST OF ITEMS OF SECURITY

A. All crops, annual and perennial, and other plant or farm products now planted,
growing or grown, or harvested or which are planted after this instrument is
signed or otherwise become growing or harvested crops or other plant products
(a) within the one-year period or any longer period of years permissible under
State law, or (b) at any time after this instrument is signed if no fixed maximum
period is prescribed by State law, including the crops and plant products now
planted, to be planted, growing or grown or harvested on the following
described real estate:

| ITEM NO. | NO. OF ACRES | OWNER | LOCATION | DESCRIPTION |
|---|---|---|---|---|
| 1 | 50 | Brian K. Duerst | Green, Wisconsin | All crops and plant products wherever grown on property |

B. All farm and other equipment (except small tools and small equipment such as
hand tools, power lawn mowers and other items of like type unless described
below), and inventory, now owned or hereafter acquired by Debtor, together
with all replacements, substitutions, additions, and accessions thereto, including
but not limited to the following:

| ITEM NO. | QTY | DESCRIPTION | MANUFACTURER | SIZE AND TYPE | SERIAL OR MODEL NO. |
|---|---|---|---|---|---|
| 1 | 1 | Haybine | New Holland | 489 9' | |
| 2 | 1 | Tractor | AC | Two-Ten | 1505D |
| 3 | 1 | Tractor | AC w/ AC 500 loader | D-17 Series IV | 78863 |
| 4 | 1 | Tractor | AC | D19 | 12391 |
| 5 | 1 | Tractor | AC | 170 2WD | 9345 |
| 6 | 1 | Manure Spreader | New Idea | 3622 | |

| 7 | 1 | Silo Blower | Gehl | 99 | |
| 8 | 2 | Chopper Box | Gehl | 920/940 | |
| 9 | 1 | Chopper | Gehl | 600 | |
| 10 | 1 | Small Sq. Baler | New Holland w/ thrower | 282 | 93024 |
| 11 | 1 | Corn Planter | AC | 330 | 2571 |

C. All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Defendant Brian Duerst, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following:

| ITEM NO. | QTY | DESCRIPTION | BREED | COLOR |
|---|---|---|---|---|
| 1 | 8 | Dairy Cattle – Calves - Heifer | Holstein | Black/White |
| 2 | 3 | Dairy Cattle – Brdg. - Bulls | Holstein | Black/White |
| 3 | 54 | Dairy Cattle – Brdg. - Cows | Holstein | Black/White |
| 4 | 10 | Dairy Cattle – Brdg. – Heifers - Bred | Holstein | Black/White |
| 5 | 6 | Dairy Cattle – Brdg. – Heifers - Open | Holstein | Black/White |

2